UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LILY HOWARD** | **CIVIL DOCKET NO. 6:22-CV-01482** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **SUPER 1 FOODS, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Plaintiff Lily Howard ("Plaintiff") initiated this slip-and-fall lawsuit on March 16, 2022. [Doc. 1-2, pp. 1-2]. Now before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") wherein Defendant, Brookshire Grocery Company d/b/a Super 1 Foods ("Defendant"), seeks dismissal of all Plaintiff's claims with prejudice. [Doc. 26]; [Doc. 24-1, p. 8]. After consideration, and for the reasons set forth below, the Motion is GRANTED.[1]

## FACTUAL BACKGROUND

On June 2, 2021, Plaintiff slipped and fell while grocery shopping at Defendant's Super 1 Foods store in Lafayette, Louisiana. [Doc. 25-3]. Plaintiff was pushing a shopping cart containing groceries when she slipped between parallel rows of freezers and coolers. *Id.* The incident was captured on one of the store's surveillance cameras and the recording begins about an hour prior to Plaintiff's fall. *Id.* Although several customers and employees can be seen traversing the area prior

---

[1] Also pending is Defendant's MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S SAFETY EXPERT. [Doc. 26]. Because the Court grants summary judgment, that motion is DENIED as MOOT.

to the incident, only Plaintiff slipped. *Id*. The video does not show any liquid or other substance on the floor where Plaintiff slipped, nor does it show any substance falling, spilling, or leaking onto the floor. *Id*. The parties agree that a watery or icy substance was later discovered in the area where Plaintiff fell and that an employee cleaned the spot with a towel. [Doc. 25-9, p. 30]. However, no employee saw any substance on the ground prior to Plaintiff's accident. *Id*. at pp. 31-32.

Importantly, neither party nor any of Defendant's employees can identify the source of the spill. *Id*. at p. 22. Lisa Dalati, the store manager, testified in her deposition that the goods in the coolers are raw meats and are never frozen. [Doc. 25-8, pp. 32-36]. She also testified that, "the [frozen] products [stored in the freezers] don't come with ice hanging off" that could have fallen onto the floor. *Id*. Dalati testified that the frozen goods are brought into the store on a dolly, from which they are then unpacked and placed onto the freezer shelves. *Id*.

The store surveillance video shows the following relevant events:

a) Market manager Dale Faulk can be seen placing boxes of frozen goods into the freezers approximately 20 minutes before Plaintiff's fall. Nothing is seen falling or dripping onto the floor. [Doc. 25-3].

b) The last customer who walks through the area prior to the incident enters the frame six minutes before Plaintiff and reaches into one of the nearby freezers. [Doc. 25-3]. Seconds later, the customer walks directly over to the location of Plaintiff's fall and then out of the frame. *Id*.

c) The last employee present in the area prior to the accident is Store Director Lester Washington, who enters the frame two minutes and twenty seconds prior to Plaintiff's fall. *Id.*; [Doc. 25-9, p. 38]. He leaves the frame 30 seconds after he enters. [Doc. 25-3].

d) Plaintiff comes into the frame 20 seconds after Lester Washington and shops in the area for approximately two minutes. *Id.* After circling around the coolers, Plaintiff appears to slip under her cart. She is subsequently helped to her feet by store employees. [Doc. 25-4, pp. 67, 81]. Plaintiff claims that she slipped on what appeared to be clean and melting ice. *Id.* at p. 4, 74 (describing the substance as something "like melting ice that came from a bag of chicken.").

## **PROCEDURAL HISTORY**

Plaintiff initiated the above-captioned suit in the 15th Judicial District Court in Lafayette, Louisiana on March 16, 2022. [Doc. 1-2]. On June 3, 2022, Defendant filed a timely Notice of Removal, pursuant to 28 U.S.C. § 1441 and § 1446. [Doc. 1].

On April 11, 2023, Defendant filed a Motion for Summary Judgment as to its liability for Plaintiff's alleged injuries – arguing that Plaintiff is unable to meet her evidentiary burden under the Louisiana Merchant Liability Act, La. R.S. 9:2800.6 (the "Merchant Liability Act").[2] [Doc. 24-1, p. 1]. Specifically, Defendant contends that Plaintiff has no evidence that Defendant either created the hazard or had actual

---

[2] Prior to filing the instant Motion, on December 13, 2022, the parties filed a joint motion to dismiss claims for past and future lost wages and lost earning capacity. [Doc. 12]. The Court granted that motion on December 15, 2022. [Doc. 13].

or constructive knowledge of the alleged hazard. *Id.* at pp. 2-8. On May 2, 2023, Plaintiff an opposition. [Doc. 34]. The Motion is now ripe for ruling.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings in conjunction with affidavits and documentary evidence, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th. Cir. 1995). If the movant fails to meet this burden, a court must deny the moving party's motion for summary judgment. *Id.*

If the movant satisfies its burden, however, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the non-moving party. *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Id.*

## II. Louisiana's Merchant Liability Act

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Louisiana law, Defendant's potential liability for Plaintiff's accident and resulting injuries is governed by the Merchant Liability Act.

The Merchant Liability Act requires merchants to "keep [their] premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). A "hazardous" or "unreasonably dangerous condition" is a condition that "creates an unreasonable risk of harm to customers under the circumstances." *Campbell v. Dolgencorp, LLC*, 2019-0036, p. 9 (La. App. 1 Cir. 1/9/20), 294 So. 3d 522, 529. To recover under the Merchant Liability Act, a plaintiff injured from an unsafe condition on a merchant's premises must prove: (i) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (ii) prior to the occurrence, the merchant either created or had actual or constructive notice of the condition which caused the damage; and (iii) the merchant failed to exercise reasonable care. *Massery v. Rouse's Enterprises, L.L.C.*, 2016-0121, p. 6 (La. App. 4 Cir. 6/29/16), 196 So.3d 757, 761.

Defendant's Motion urges that Plaintiff's claims should be dismissed due to Plaintiff's inability to adduce summary judgment evidence supporting the second element required by the Merchant Liability Act. [Doc. 24-1, p. 1]. Specifically, Defendant argues that Plaintiff cannot show: (i) that Defendant created the alleged condition that caused Plaintiff's harm, or (ii) that Defendant had actual or constructive notice of the alleged condition. *Id*. The Court addresses each argument in turn.

### A. Creation of the Hazardous Condition

Defendant first argues that Plaintiff cannot establish that that Defendant created the hazardous condition. [Doc. 24-1, pp. 1-2]. In support of its argument, Defendant points to the absence of evidence as to how the "icy substance" came to be on the floor, and to employee testimony that the freezers and refrigerators in the area do not "build up" ice and that ice does not accumulate on any of the products that were restocked prior to Plaintiff's accident. *Id.* at p. 7. Rather, Defendant argues that Plaintiff offers only speculation as to how and when the icy substance came to be on the floor. *Id*. at pp. 6-7.

In response, Plaintiff argues that the existence of an icy residue on Plaintiff's clothing after the fall provides a reasonable assumption that Defendant created the risk.[3] [Doc. 34, p. 7]. But the law requires more. In *Hart v. Lowe's Home Centers L.L.C.*, 2022 WL 1576770 (5th Cir. 2022), the Fifth Circuit held that the creation of a

---

[3] Plaintiff also references video evidence showing: (i) Defendant's employees repeatedly walk near and over the exact area of the incident; and (ii) employees restocking refrigerated and frozen goods around that same area. [Doc. 25-3]. Plaintiff testified that she had "no knowledge regarding how the substance, liquid or ice, got onto the floor." [Doc. 25-4, p. 98].

hazardous condition cannot be established unless "there is proof that the merchant is *directly* responsible for the spill or other hazardous condition." *Id.* (emphasis in original); *see also Gray v. Wal-Mart*, 484 F. App'x 963, 966 (5th Cir. 2012). To survive summary judgment, then, there must be "specific facts" supporting a merchant's responsibility for creating the hazardous condition. *Bearb v. Wal-Mart Louisiana, Ltd.*, 543 F. App'x 264, 265 (5th Cir. 2013); *see also Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406, 409 (5th Cir. 2017) (affirming a district court's grant of summary judgment where "without any 'positive evidence' that [defendant] had 'created or had actual or constructive notice of the condition which caused the damage' as § 9:2800.6(B)(2) requires, [plaintiffs] cannot maintain their merchant-liability claim") (citing *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1082 (La. 1997)).

Here, Plaintiff has not adduced any specific facts supporting a causal link between Defendant's activities and the hazardous condition. There is therefore no genuine dispute of material fact that Defendant created the hazardous condition. *Ross v. Schwegmann Giant Super Markets, Inc.*, 98-1036, p. 5 (La. App. 1 Cir. 5/14/99), 734 So.2d 910, 913 (affirming a district court's grant of summary judgment because there was "no evidence that would establish that the [hazardous condition] found its way onto the floor because of an act by a Schwegmann employee").

### B. Actual or Constructive Notice of the Risk

Plaintiff also argues that Defendant had actual or constructive notice of the hazardous condition – arguing that there were several Defendant's employees in the

area prior to the fall. [Doc. 34, pp. 9-10]. But none of the employees that walked through the area testified that they saw any substance on the floor. [Doc. 34-1]. More specifically, store employee Lester Washington testified that he "walked to the department prior to [the accident]. And … if [he] had seen it, [he] would have notified [someone] that there was a spill." [Doc. 25-9, pp. 30-31]. He further testified, "in that area, I did not see a spill on the floor … at the time I walked through." *Id.* at p. 39. Plaintiff has therefore failed to show that Defendant had actual notice of the condition.

To meet the element of constructive notice, a plaintiff must prove that a hazardous condition existed for some time prior to the fall where "the defendant merchant would have discovered its existence through the exercise of ordinary care." *Thibodeaux v. Circle K Stores, Inc.*, 318 So.3d 465, 469 (La. App. 3 Cir. 2021) (quoting *White*, 699 So.2d at 1086); *see also Allen*, 850 So.2d at 898. But to establish that a defendant had constructive notice of a hazard, "the [Merchant Liability] statute 'places a heavy burden of proof on plaintiffs.'" *Neidigh v. Red River Entertainment of Shreveport, L.L.C.*, 2023 WL 2250625, at *2 (W.D. La. 2023) (quoting *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007)). "[C]ourts will not infer constructive notice … where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th. Cir. 2007) (quoting *Allen*, 850 So.2d at 899). And although Plaintiff may use circumstantial evidence to prove that Defendant had constructive notice, something

"more than speculation" must be offered. *Neidigh*, 2023 WL 2250625, at *2; *see also White v. Wal-Mart Stores, Inc.*, 97-0393 *4 (La. 9/9/97), 699 So.2d 1081, 1084.

Here, the only evidence Plaintiff provided is: (i) that a clear, icy substance was found on the floor <u>after</u> her fall; and (ii) that several of Defendant's employees and customers can be seen walking through the area prior to the accident. [Doc. 25-3]. This is insufficient evidence that Defendant should have known of the hazardous condition. Although Plaintiff suggests the hazard was created by the nearby unloading and restocking of the frozen goods, her speculation in this regard "is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S 9:2800.6." *Allen v. Wal-Mart Stores, Inc.*, 37-352 p. 4–5 (La. App. 2 Cir. 6/25/03), 850 So.2d 895, 898 (2003) (citing *Robinson v. Brookshires #26,* 33-713 (La. App. 2 Cir. 8/25/00), 769 So.2d 639); *see also White*, at 1085 ("The claimant must make a positive showing of the existence of the condition prior to the fall."). Plaintiff therefore cannot establish that Defendant had constructive notice of a hazardous condition. *White*, 699 So.2d at 1084 ("A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.").

Because Plaintiff has failed to provide the Court with any evidence that the Defendant either created or had actual or constructive notice of the allegedly hazardous condition, she cannot meet the second element of the Merchant Liability Act. Summary judgment is therefore appropriate.

## Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [Doc. 24] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion in Limine [Doc. 26] is DENIED as MOOT.

THUS, DONE AND SIGNED in Chambers on this 21st day of June 2023.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE